### No. 77

YOUNGSTOWN MUNI. RY. v. TOTH

Ohio Appeals, 7th Dist., Mahoning County
November 9, 1923

480. EVIDENCE—Judgment reversed as being against weight of evidence.

FARR, J.
### Epitomized Opinion
First Publication of this Opinion

Toth was injured in getting off one of defendant's street cars. He testified that while he wa sstanding on the step of the car inside the door it was suddenly opened as the car was approaching a stop, and a sudden jerk of the car threw him out into the street. The conductor and a passenger on the car testified that just before the car came to a stop the conductor released the door, allowing it to slide open about four inches and that Toth, who appeared nervous and anxious to get out, grasped the door, forced it open and stepped out. In a statement signed by Toth shortly after the accident he stated that he stepped out unaware that the car was still in motion. Verdict and judgment being rendered for plaintiff, defendant prosecuted error. Held:

The judgment is clearly against the weight of the evidence. Reversed and remanded.

Attorneys—Kennedy, Manchester, Conroy & Ford, for Railway; Clyde E. Osborne, for Toth, all of Youngstown.

---

### No. 78

CLEVE. & EASTERN TRAC. CO v. OBERTON

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4695. Decided Dec. 24, 1923

829. NEGLIGENCE—Driver of motor truck, injured by running into and striking rapidly approaching interurban car at street crossing, is guilty of contributory negligence for failure to stop, look and listen.

SULLIVAN, J.
### Epitomized Opinion
First Publication of this Opinion

The plaintiff brought an action for injuries to person and damage to property as a result of a collision between his motor truck and a traction car at a grade crossing. The evidence disclosed that the plaintiff listened before reaching the crossing, but that he did not stop or look. The evidence also disclosed that the plaintiff was familiar with the conditions surrounding the crossing and that he saw the interurban car coming, but could not stop his truck in time to avoid running into and striking the side of the car. At the close of the plaintiff's evidence the defendant made a motion for a directed verdict, which was overruled. As a verdict was returned for the plaintiff, defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the plaintiff did not stop, look and listen for an approaching interurban car, he did not exercise the duty enjoined upon him by law, and was guilty of contributory negligence as a matter of law in failing to do so; therefore, the lower court erred in refusing to direct a verdict. Ohio Elec. Ry. v. Weingertner, 93 OS. 125; 112 NE. 203, distinguished.

Attorneys—Snyder, Henry, Thomsen, Ford & Seagrave, for Traction Co.; Griswold, Green, Palmer & Hadden, for Oberton.